## KOONTZ v. KOONTZ.

No. 5877.

United States District Court for the District of Columbia.

April 1, 1941.

James R. Kirkland, and Nita S. Hinman, both of Washington, D. C., for plaintiff.

James E. Shifflette, of Washington, D. C., for defendant.

BAILEY, Justice.

This case came on to be heard upon the complaint, the answer and cross complaint of the defendant and the answer of the plaintiff to the cross complaint. No evidence was offered on behalf of either party, but the attorneys, after having stated that neither the plaintiff nor the defendant were domiciled in the District of Columbia, stated that the parties had come to an agreement as to the custody of their infant child and requested the court to enter the following judgment:

· "This cause coming on for trial upon the complaint for maintenance of minor child filed by plaintiff, Helen R. Koontz, the answer and cross complaint for custody of the child filed by defendant, Edwin C. Koontz, father of said child, the Court, with knowledge of the prior order for custody of the child signed by the Court and filed in the case, and being advised by counsel for the respective parties to the case of the desire of plaintiff to agree to a final judgment of the court awarding permanent custody of the minor to the defendant, Edwin C. Koontz, it is by the Court, this 10th day of March, 1941,

"Ordered, that the complaint filed by the plaintiff is hereby dismissed, and it is

"Further Ordered, that the custody of the minor child, Edwin C. Koontz, Jr., be and he is hereby awarded, permanently to the child's father, Edwin C. Koontz, and it is

"Further Ordered, that the plaintiff herein, Helen R. Koontz, shall have the company and presence of the said minor child with her on the first and third Sundays of each succeeding month hereafter from the hour of eight o'clock in the morning until darkness in the evening of such Sundays, provided however, that without the prior consent of Edwin C. Koontz, the father, the said child shall not be removed out of the District of Columbia."

A court of equity has the power to enter a judgment for the custody of a minor as ancillary to a judgment for divorce or maintenance, or to appoint a guardian when the minor has property in the jurisdiction, (Lehmer v. Hardy, 54 App.D.C. 51, 294 F. 407, 3rd Pom.Eq.Jur. Sec. 1307) or perhaps as a temporary matter as a police protection, but otherwise it has no such power, certainly where the minor is not domiciled in the jurisdiction (3rd Pom.Eq.Jur. Sec. 1305). In this case there is nothing to justify the proposed action of the court. The plaintiff has abandoned her suit for maintenance and the parties have agreed upon the custody of the infant.

Both the original and the cross complaints should be dismissed and the application to enter the agreed judgment denied.